## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FUEL DEPOT, LLC,

      Plaintiff,

v.                                   No. 2:20-cv-01257-DHU-JHR

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA and KEEGAN
CROWTHER,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendants Travelers Casualty Insurance Company of America and Keegan Crowther's Motion and Memorandum for Summary Judgment (Doc. 58). Plaintiff Fuel Depot responded in opposition, (Doc. 60), to which Defendants replied (Doc. 66). The Court, having carefully reviewed the motion, briefs, evidence, and the parties' arguments, concludes that the motion will be **GRANTED** in part and **DENIED** in part.

### BACKGROUND

Plaintiff is an LLC that owns a five-building apartment complex in Las Cruces, New Mexico called the Sunset Peak Apartments. Defendant Travelers issued an Apartment PAC insurance policy for the complex during the relevant period. Mr. Osama Azzam is Plaintiff's manager and owner. Mr. Azzam has lived in El Paso, Texas during the pertinent period. Salvador Juarez, Brenda Charles, and Stephanie Maddox managed the apartment complex.

At some point, Mr. Azzam learned of a leak in the roof at the complex[1], which prompted him to file a claim with Travelers. Plaintiff filed the claim on March 17, 2020.[2] In response, Travelers dispatched its claims professional, Jason Mostek, to inspect the property on March 25, 2020. Mr. Azzam and Plaintiff's roof contractor were also present. During the meeting, Mr. Azzam explained to Mr. Mostek that he had attempted to file a hail damage claim in the past through Mr. Azzam's agent, but the agent apparently had not completed the application. After completing a roof investigation, Mr. Mostek identified "Hail damage to apartment building" as the "specific cause of loss." Pl.'s Ex. 6, 3, Doc. 60-6. Mr. Mostek reported that the "[h]ail damage [was] consistent with hail history report in file for the date of loss 10/31/2018 with a .75 inch … diameter hail." *Id*. at 2. In a later deposition, Mr. Mostek explained that at the time "it was difficult to find what [Plaintiff was] claiming." Mostek Depo. at 27:16-21, Doc. 58-4. He therefore worked with Plaintiff's roofer, and the two of them circled possible hail damage. Mr. Mostek did not include in his report that it was difficult to find hail damage.

Shortly after Mr. Mostek's inspection, the claim handler assigned to the case, Defendant Keegan Crowther reviewed Mr. Mostek's report and felt that it "needed a second look." Crowther Depo. 74:18, Doc. 60-3. Mr. Crowther acknowledged that photographs of the property showing dents on objects could have potentially indicate hail damage. Mr. Crowther decided to hire an engineering firm, Roof Tech, to conduct further evaluation of the premises. Roof Tech evaluated the property on April 7, 2022 and, one week later, issued a report and conclusion that "the granule-surfaced modified bitumen membranes on the roofs of the subject apartment

---

[1] The parties do not explain when Mr. Azzam learned of the leak.

[2] Under the insurance policy, Plaintiff was responsible for providing "prompt notice of the loss or damage" and was required, "[a]s soon as possible" to "give [Travelers] a description of how, when and where the loss or damage occurred." Defs.' Ex. A, 63, Doc. 58-1.

complex have not sustained hail damage." Defs.' UMF ¶ 23. Roof Tech's report was certified by a professional engineer. In late April 2020, Travelers largely denied Plaintiff's claim for coverage. It discussed the Roof Tech report and provided payment in the amount of $8,792.01 for covered damages.

In response, Plaintiff hired a public adjuster, Maria Lamego. Ms. Lamego identified what she believed to be hail damage on the roof. On September 16, 2020, Travelers reinspected the property with Roof Tech and Ms. Lamego. Travelers took samples of the areas selected by Ms. Lamego to conduct a desaturation laboratory analysis to determine the presence of hail damage. Those results eventually came back negative.

Before Plaintiff learned of the negative test results, it filed a lawsuit against Defendants in New Mexico state court on October 29, 2020. The complaint was later removed to this Court. Plaintiff's original complaint alleged the date of loss as "[o]n or about October 31, 2018." Compl. ¶ 9, Doc. 1-1. Plaintiff apparently arrived at this date based on information in Mr. Mostek's report. However, as the litigation proceeded, Plaintiff subsequently hired an expert who concluded that "the most likely date of loss is June 4, 2019," Pl.'s Ex. 5, 1, Doc. 60-5, and Plaintiff has since amended its complaint to reflect the June 4, 2019 date.

Plaintiff's current amended complaint asserts causes of action for (1) breach of contract against Travelers, (2) breach of the duty of good faith and fair dealing/bad faith against Travelers (3) violations of New Mexico's Unfair Insurance Practices Act by both Defendants, and (4) violations of New Mexico's Unfair Practices Act by both Defendants. On June 29, 2022, Defendants moved for summary judgment on all claims.

## LEGAL STANDARD

A party is entitled to a summary judgment "if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108 (10th Cir. 2021) (quoting Fed. R. Civ. P. 56(a)). "A fact is material if it can have an impact on the outcome of the lawsuit and genuine if a rational jury could find in favor of the non-moving party based on the evidence presented." *New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 994 F.3d 1166, 1171 (10th Cir. 2021). The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. *Sally Beauty Co. v. Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)).

"If the moving party does not bear the burden of proof at trial on a dispositive issue, that party may make such a showing simply by indicating to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id*. "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial." *Id*. The district court's role in analyzing a motion for summary judgment is to simply "assess whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Sierra Club v. El Paso Gold Mines, Inc.*, 421 F.3d 1133, 1150 (10th Cir. 2005).

## DISCUSSION

### I.   There is a genuine dispute of material fact concerning whether notice was promptly given

Defendants move for summary judgment on Plaintiff's breach of contract claim, arguing that Plaintiff did not provide prompt notice. "The purpose of the notice provision in [an

insurance] policy is to enable the insurer to prepare to defend or make settlement as it sees fit." *State Farm Mut. Auto. Ins. Co. v. Found. Rsrv. Ins. Co.*, 78 N.M. 359, 362, 431 P.2d 737, 740 (N.M. 1967) (citation omitted). Under New Mexico law, an insurer "must demonstrate substantial prejudice as a result of a material breach of the insurance policy by the insured" – such as failure to provide timely notice – "before it will be relieved of its obligations under a policy." *Foundation Reserve Insurance Co. v. Esquibel,* 94 N.M. 132, 134, 607 P.2d 1150, 1152 (N.M. 1980) (analyzing an insurance policy provision voiding the policy if the insured failed to notify the insurer of an accident). "[T]he burden of proof rest[s] on the insurance company." *Id*. "[I]n most cases the issue of substantial prejudice as a result of a breach of an insurance provision is a question for the jury." *Eldin v. Farmers All. Mut. Ins. Co.*, 119 N.M. 370, 375, 890 P.2d 823, 828 (N.M. Ct. App. 1994); *see also Grill House, LLC v. Berkshire Hathaway Homestate Ins. Co.*, No. 20-CV-2108-WJM-KLM, 2022 WL 1487575, at *3 (D. Colo. May 11, 2022) ("it is ordinarily a question for the factfinder as to what constitutes a reasonable time for the giving of the notice as provided in insurance policies.") (applying Colorado law) (citation omitted).

Defendants argue that Plaintiff's March 17, 2020 notice was not prompt. The "only person who had material information," was the onsite property manager, Brenda Charles, but she died in January 2022, according to Defendants.[3] Mot. at 12. As for Mr. Azzam, Defendants state that a look at his testimony shows that he claimed to "not remember or did not recall details about the allegations in the Complaint more than eighty-five times," suggesting that he lacks critical information about events. *Id.* According to Defendants, Plaintiff is at fault for

---

[3] Plaintiff states that "Travelers did not seek Ms. Charles' deposition prior to her death," Pl.'s UMF ¶ J, and Defendants did not dispute this fact. *See* Reply at 3.

"contribut[ing] to such a testimonial and physical evidence loss that it is unclear when, of if, a covered loss … occurred." *Id*.

The Court concludes that it is for the jury to decide whether Plaintiff's alleged delay in providing notice substantially prejudiced Defendants. Even though Defendants claim that Plaintiff's conduct interrupted their fact-finding process, Defendants acknowledge elsewhere in their motion that they fully investigated the claim and timely denied partial coverage. *See id*. at 15 ("Travelers considered multiple inspections, expert opinions, and communications with Plaintiff and Plaintiff's representatives."); *see id.* at 23 ("Defendants evaluated Plaintiff's claim, including conducting two inspections and retention of an expert, and provided Plaintiff with an explanation and payment for covered damages in six-weeks of the first notice of the complex commercial Claim.") This evidence could support the conclusion that Defendants were not substantially prejudiced by Plaintiff's alleged delay in reporting information. On the other hand, Plaintiff sent notice in March 2020, roughly eight months after the alleged June 2019 hail damage, which a jury may not consider "prompt." Moreover, Defendants have evidence, such as the Roof Tech report, which purportedly casts doubt on whether hail damage occurred at all. Therefore, there remains a question of fact on the issue of whether Defendants have been substantially prejudiced by Plaintiff allegedly sending notice in an untimely matter. *See Eldin,* 890 P.2d at 828 (in most cases the issue of substantial prejudice as a result of a breach of an insurance provision is a question for the jury).

## II.     There is a genuine dispute of material fact concerning Defendants' alleged bad-faith conduct

Defendants move for summary judgment on Plaintiff's allegation that Travelers "breached its duty of good faith and fair dealing by refusing to fully pay Plaintiff's Claim when, based upon the facts available to Travelers," it was "reasonably clear" that Travelers was

obligated to pay on the policy. First Am. Compl. ¶ 23, Doc. 27. In addition, Plaintiff alleges that Travelers "breached its duty of good faith and fair dealing by denying payment on the claim for frivolous and unfounded reasons." *Id.*  Defendants argue that there "[t]here is no evidence that Traveler's partial denial was arbitrary or baseless. Rather there is significant evidence otherwise." Mot. at 15.

"An insurer is subject to a common law and statutory duty of good faith." *Dydek v. Dydek*, 288 P.3d 872, 878 (N.M. Ct. App. 2012). Under the common law, "an insurer who fails to pay a first-party claim has acted in bad faith where its reasons for denying or delaying payment of the claim are frivolous or unfounded." *Sloan v. State Farm Mut. Auto. Ins. Co.*, 135 N.M. 106, 112, 85 P.3d 230, 236 (N.M. 2004). "'Unfounded' is defined not as 'erroneous' or 'incorrect[,]' but rather the failure to exercise care for the interests of the insured, an arbitrary or baseless refusal to pay, lacking support in the language of the policy or the circumstances of the claim." *Am. Nat. Prop. & Cas. Co. v. Cleveland*, 293 P.3d 954, 958 (N.M. Ct. App. 2013) (quoting *Sloan*, 135 N.M. at 112, 85 P.3d at 236).

"Therefore, an insurer may delay or deny coverage 'without exposure to a claim of bad faith failure to pay as long as it has reasonable grounds for the denial.'" *Sanders v. USAA Cas. Ins. Co.*, No. 119CV00895KWRJHR, 2021 WL 6125618, at *5 (D.N.M. Dec. 28, 2021) (quoting *Haygood v. United Servs. Auto. Ass'n*, 453 P.3d 1235, 1241 (N.M. Ct. App. 2019)). "Generally, reasonable grounds will follow from a 'reasonable investigation,' but where an insurer fails to make an 'adequate investigation,' it may be liable for a bad faith denial of a claim." *Id.* (quoting *Haygood,* 453 P.3d at 1241).

Defendants argue that far from being arbitrary, their coverage decision was rationally based on investigations of the complex, consideration of expert opinions, communications with

Plaintiff's representatives, and an objective application of the wording of the policy to the factual circumstances at hand. Defendants also argue that "Travelers had a legitimate reason to question the amount of damages claimed by the insured, and consequently, there is no bad faith." Mot. at 16 (quoting *Hemphill v. Liberty Mut. Ins. Co.*, No. CV 10-0861 LH/RHS, 2013 WL 12123306, at *6 (D.N.M. Mar. 27, 2013) ("Where the insurer had a legitimate reason to question the amount of damages claimed by the insured, a finding of bad faith is improper.")) Viewing the evidence in the light most favorable to Plaintiff, the Court concludes that a reasonable jury could find that the evidence, including Mr. Mostek finding of "hail damage to apartment building" as the "specific cause of loss," Pl.'s Ex. 6, 3, and the reference to a hail history report, could support Plaintiff's assertion that Defendants were aware of these findings and instead "ga[ve] priority to experts retained by Travelers" and "denied the vast majority of the claim in question." Resp. at 13. Therefore, the Court denies summary judgment on this claim.

### III. There is a genuine dispute of material fact whether Travelers breached the implied covenant of good faith and fair dealing

Defendants move for summary judgment on Plaintiff's allegation that Travelers "breached its duty of good faith and fair dealing by refusing to fully pay Plaintiff's Claim when, based upon the facts available to Travelers," it was "reasonably clear" that Travelers was obligated to pay on the policy. First Am. Compl. ¶ 23, Doc. 27. Insurance contracts, like all other contracts, incorporate "an implied covenant of good faith and fair dealing that the insurer will not injure its policyholder's right to receive the full benefits of the contract." *Salas v. Mountain States Mut. Cas. Co.*, 145 N.M. 542, 546, 202 P.3d 801, 805 (N.M. 2009) (quoting *Dairyland Ins. Co. v. Herman*, 124 N.M. 624, 628, 954 P.2d 56, 60) (N.M. 1998)). "[T]his means that an insurer cannot be partial to its own interests, but must give its interests and the interests of its insured equal consideration." *Dairyland Ins. Co.*, 124 N.M. at 629, 954 P.2d at 61 (internal

quotation marks omitted). "The implied covenant is aimed at making effective the agreement's promises." *Azar v. Prudential Ins. Co. of Am.*, 133 N.M. 669, 685, 68 P.3d 909, 925 (N.M. Ct. App. 2003). "The breach of this covenant requires a showing of bad faith or that one party wrongfully and intentionally used the contract to the detriment of the other party." *Cont'l Potash, Inc. v. Freeport-McMoran, Inc.,* 115 N.M. 690, 706, 858 P.2d 66, 82 (N.M. 1993).

The Court concludes that there is a genuine issue of fact concerning Travelers' alleged breach of the covenant of good faith and fair dealing. Plaintiff alleges that Travelers prevented Plaintiff from receiving the benefit of the contract by, among other things, unreasonably minimizing Mr. Mostek's alleged finding that hail damage existed and then, as Plaintiff says, favoring "a single expert report drafted by an expert of Defendants' choosing." Resp. at 14. Because the Court must construe the record in Plaintiff's favor on a motion for summary judgment, the Court therefore assumes that Travelers ignored evidence favoring coverage and instead focused on facts that largely supported the denial of Plaintiff's claim. Plaintiff's evidence raises a genuine dispute of material fact for breach of the implied covenant of good faith and fair dealing and Defendants' motion for summary judgment on this claim is denied.

### IV.   Summary judgment is partially granted on certain of Plaintiff's Unfair Insurance Practices Act claims

Defendants move for summary judgment on Plaintiff's allegatopm that Defendants' conduct violated the Unfair Insurance Practices Act ("UIPA"), N.M. Stat. Ann. § 59A–16–20, of the Trade Practices and Frauds Act of the Insurance Code, N.M. Stat. Ann. §§ 59A–16–1 to –30. The Act prohibits certain "unfair and deceptive practices" with respect to insurance claims. N.M. Stat. Ann. § 59A–16–20. "The Act does not 'require insurers to settle cases they reasonably believe to be without merit or overvalued.'" *Hauff v. Petterson*, 755 F. Supp. 2d 1138, 1148 (D.N.M. 2010) (quoting *Hovet v. Allstate Ins. Co.,* 135 N.M. 397, 406, 89 P.3d 69, 78 (N.M.

2004)) "Any insurer that objectively exercises good faith and fairly attempts to settle its cases on a reasonable basis and in a timely manner need not fear liability." *Hovet*, 135 N.M. at 406, 389 P.3d at 78.

Plaintiff argues that Defendants violated the Act by: (1) misrepresenting pertinent facts or policy provisions relating to coverages at issue, (2) failing to adopt and implement reasonable standards for the prompt investigation and processing of Plaintiff's claim, (3) not attempting in good faith to effectuate prompt, fair and equitable settlements of Plaintiff's claim in which liability has become reasonably clear, (4) compelling Plaintiff to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered. *See* First Am. Compl. ¶¶ 27, 34 (citing N.M. Stat. Ann. § 59A–16–20 (A), (C), (E), (G)). The Court will address each of these allegations.

Defendants move for summary judgment on Plaintiff's allegation that Defendants violated Section A of § 59A–16–20, which prohibits an insurer from "misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue[.]" N.M. Stat. Ann. § 59A–16–20(A). When asked in an interrogatory to specify the "facts" forming the basis of Plaintiff's misrepresentation claim, Plaintiff answered: "Defendant knew or should have known that Plaintiff's claim was reasonably clear, and Defendant was obligated to pay the covered losses …. However, Defendant denied Plaintiff's claim and misrepresented that coverage was not available for Plaintiff's claims." Defs.' Ex. I, 16, Doc. 58-9. Defendants argue that these are conclusory statements, not facts, and thus insufficient to survive summary judgment. Contrary to Defendants' argument, the record does, however, consist of more than this one answer to an interrogatory and therefore the Court holds that Plaintiff's evidence creates a triable issue about

whether Defendants misrepresented that coverage was unavailable. Plaintiff intends to present trial evidence that hail damage was present, but that Defendants ignored or minimized such information and mispresented the availability of coverage. Plaintiff therefore has shown a genuine issue for trial as to Defendants' alleged violation of § 59A–16–20(A).

Next, Defendants move for summary judgment on Plaintiff's allegation that Defendants violated Section C of N.M. Stat. Ann. § 59A–16–20, which makes an insurer liable for "failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies." N.M. Stat. Ann. § 59A–16–20(C). The Court agrees with Defendants that Plaintiff has adduced no evidence of Travelers' alleged violation of § 59A–16–20(C). In its summary judgment response brief Plaintiff simply states that Travelers "fail[ed] to adopt and implement reasonable standards" but Plaintiff does not actually offer any evidence of allegedly deficiently standards. Resp. at 14. Because the record lacks any evidence that Travelers' failed to adopt and implement reasonable standards, summary judgment in Defendants' favor on this claim is granted. *See Hauff v. Petterson*, 755 F. Supp. 2d 1138, 1148 (D.N.M. 2010) (granting summary judgment on plaintiff's UIPA claim based on failure to adopt and implement reasonable standards for prompt claims investigation and processing where plaintiff failed to "identify [defendant's] standards and show how they were inadequate"); *Sanders v. USAA Cas. Ins. Co.*, No. 119CV00895KWRJHR, 2021 WL 6125618, at *11 (D.N.M. Dec. 28, 2021) (granting summary judgment where the plaintiff presented "no facts regarding [the insurer's] investigations or claims processing standards."); *Lincoln v. State Farm Fire & Cas. Ins. Co.*, No. CV 18-652 MV/LF, 2020 WL 5821027, at *8 (D.N.M. Sept. 30, 2020) (granting summary judgment where the plaintiff's "ma[de] no mention of [his § 59A–16–20(C) claim] and provide[d] no evidence to substantiate the allegation in the Complaint that Defendant

violated the" Act). Plaintiff has failed to show a genuine issue for trial as to Defendants' alleged violation of § 59A–16–20(C).

Defendants move for summary judgment on Plaintiff's claim that Defendants violated Section E of § 59A–16–20, which makes an insurer liable for "not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear." N.M. Stat. Ann. § 59A–16–20(E). Defendants argue that Plaintiff's evidence supporting this claim is, once again, a formulaic and conclusory answer to an interrogatory. However, it appears that Plaintiff's favorable evidence goes beyond an answer to an interrogatory. Plaintiff's theory of the case appears to be that Defendants minimized the conclusions of Travelers' employee, Mr. Mostek, and instead rushed to judgment once the engineering firm concluded that the apartment complex did not sustain hail damage. Defendants stress that Travelers in fact "attempted in good faith to effectuate prompt, fair, and equitable settlement," by conducting two inspections and retaining an expert, deciding the claim within six weeks of receiving it, and working with Plaintiff's public adjuster to conduct another inspection and to collect samples. Mot. at 23. However, Defendants' interpretation of the evidence is ultimately for the jury to decide when evaluating whether Defendants attempted in good faith to effectuate a prompt, fair and equitable settlement Plaintiff's claim. At this stage, Plaintiff has raised a genuine issue for trial as to Defendants' alleged violation of § 59A–16–20(E).

Defendants move for summary judgment on Plaintiff's claim that Defendants violated Section G of § 59A–16–20, which prohibits "compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered." N.M. Stat. Ann. § 59A–16–20(G). This Court has

granted summary judgment where a plaintiff seeking relief under this provision "provides no proof that unreasonably low settlement offers compelled [the plaintiff] to litigate" nor evidence that the insurer offered the plaintiff "substantially less than similar claimants recover." *Id.* at 1149. *Lincoln*, 2020 WL 5821027, at *8 (quoting *Hauff*, 755 F. Supp. 2d at 1148). Here, too, Plaintiff submitted no summary judgment evidence that Defendants offered Plaintiff "substantially less than amounts ultimately recovered by other insureds with similar claims." *Id.* Plaintiff has therefore failed to show the existence of a genuine issue as to whether Defendants violated § 59A–16–20(G).

Finally, Defendants move for summary judgment on Plaintiff's claim that Defendant Crowther "failed to fully quantify Plaintiff's damages, thus demonstrating that he did not conduct a thorough investigation of the Claim" and that he "relied on the erroneous findings of [Roof Tech]." Pl.'s First Am. Compl. ¶ 33. Defendants claim that such conduct is not prohibited practice under the UIPA and that "Plaintiff fails to identify how Mr. Crowther's investigation was not sufficiently thorough or how the findings of [Roof Tech] were erroneous." Mot. at 25. Defendants are correct that the UIPA does not list failure to fully quantify an insured's damages as a prohibited practice. However, Plaintiff never alleged that Defendant Crowther's failure to quantify damages was a freestanding UIPA violation. Rather, Plaintiff alleged that Crowther's conduct could have violated the three different parts of UIPA just discussed above. Construing the pleadings and evidence in Plaintiff's favor, the Court holds a reasonable jury could conclude that Crowther's alleged failure to quantify damages could have violated the UIPA. Therefore, summary judgment on this claim is denied.

**V.      Summary judgment is partially granted on a single Unfair Practices Act claim**

Lastly, Defendants move for summary judgment on Plaintiff's New Mexico Unfair Practices Act (UPA) claim. The Unfair Practices Act prohibits "[u]nfair or deceptive ... and unconscionable trade practices." N.M. Stat. Ann. § 57–12–2. "Generally speaking, the UPA is designed to provide a remedy against misleading identification and false or deceptive advertising." *Lohman v. Daimler-Chrysler Corp.*, 142 N.M. 437, 442, 166 P.3d 1091, 1096 (N.M. Ct. App. 2007). "The gravamen of an unfair trade practice is a misleading, false, or deceptive statement made knowingly in connection with the sale of goods or services." *Diversey Corp. v. Chem-Source Corp.*, 125 N.M. 748, 754, 965 P.2d 332, 338 (N.M. Ct. App. 1998).

> In order to state a claim under the UPA, a plaintiff must prove that
>
> (1) the defendant made a false statement, (2) the defendant made the statement in connection with the "sale ... of ... services" and knew that the statement was false, (3) the defendant made the statement in the regular course of trade or commerce, and (4) the statement was one which "may, tends to, or does[ ] deceive or mislead any person."

*Dellaira v. Farmers Ins. Exch.*, 136 N.M. 552, 558, 102 P.3d 111, 117 (N.M. Ct. App. 2004) (quoting *Stevenson v. Louis Dreyfus Corp.,* 112 N.M. 97, 100, 811 P.2d 1308, 1311 (N.M. 1991)). "The 'knowingly made' requirement is met if a party was actually aware that the statement was false or misleading when made, or in the exercise of reasonable diligence should have been aware that the statement was false or misleading." *Stevenson*, 112 N.M. at 100–01, 811 P.2d at 1311–12.

Of the UPA's eighteen enumerated types of conduct that constitute unfair or deceptive trade practices, Plaintiff alleges the following three UPA violations by Defendants: (1) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact to deceive or tend to deceive Plaintiff, (2) failing to deliver the quality or quantity of goods or services contracted for; and (3) generally engaging in unconscionable courses of action while handling the Plaintiff's claim. *See* First Am. Compl. ¶ 37 (citing N.M. Stat. Ann. § 57–12–

2(D)(14), (D)(17), and (E)). The "knowingly made" requirement "is an integral part of all UPA claims and that it must be the subject of actual proof." *Atherton v. Gopin*, 340 P.3d 630, 640 (N.M. Ct. App. 2015). Therefore, in analyzing Plaintiff's UPA claims, the Court asks whether actual proof support Plaintiff's allegation that Defendants knowingly made misleading, false, or deceptive statements.

First, Plaintiff alleges that Defendants violated N.M. Stat. Ann. § 57–12–2(14) by "using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive." N.M. Stat. Ann. § 57–12–2(14). In its response to Defendants' summary judgment motion, Plaintiff states, with very little explication, that "Defendants used ambiguity as to a material fact and deceived Plaintiff." Resp. at 14. Construing the evidentiary record in Plaintiff's favor, a reasonable jury could find that Defendants used ambiguity regarding coverage. The record contains Mr. Mostek's report identifying "[h]ail damage to apartment building" as the "specific cause of loss," Pl.'s Ex. 6 at 3, but then Defendants later took the position that the apartment complex did not sustain hail damage. Plaintiff's evidence raises a triable issue on whether Defendants violated N.M. Stat. Ann. § 57–12–2(14), and therefore Defendants' motion for summary judgment on this claim is denied.

Defendants also move for summary judgment on Plaintiff's allegation that Defendants violated the UPA by "failing to deliver the quality or quantity of goods or services contracted for." N.M. Stat. Ann. § 57–12–2(17). Under this provision, it is not enough that a Defendant failed to deliver goods or services. As New Mexico courts have explained, "a knowing misrepresentation [must] be made in conjunction with a failure to deliver the goods promised." *Diversey Corp.*, 125 N.M. at 754, 965 P.2d at 338. Otherwise, "the mere fact that [a defendant]

failed 'to deliver the quantity of goods or services contracted for' would result in every breach of contract case being a violation of the Act." *Stevenson*, 112 N.M. at 99, 811 P.2d at 1310.

As background, the New Mexico Court of Appeals examined this provision in *Diversey Corp.*, a dispute between a distributor and manufacturer of commercial cleaning supplies. The court determined that sufficient evidence supported the distributor, Chem–Source's, UPA counterclaim under § 57–12–2(17) because the manufacturer not only failed to deliver promised products, but also approached Chem-Source's customers "with fallacious information", "remov[ed] Chem–Source dispensers and equipment from the premises of Chem–Source clients, and" the manufacturer "[refused] to ship products to Chem–Source because of trumped-up billing problems." *Diversey Corp.*, 125 N.M. at 754, 965 P.2d at 338. The court held that a jury could find, based on this evidence, that the manufacturer "made a knowing misrepresentation concerning its delivery of goods to Chem–Source." *Id.*

Although it is a close call given that Plaintiff's quantum of evidence is significantly weaker than the evidence in *Diversey Corp.*, the Court holds that there is a genuine issue of material fact concerning Defendants' alleged violation of N.M. Stat. Ann. N.M. Stat. Ann. § 57–12–2(17). Given the record evidence that Travelers first identified hail damage as the specific cause of loss and then later took the position that the premises did not sustain hail damage, a jury should decide whether Defendants' allegedly changing positions amounted to "a knowing misrepresentation … in conjunction with a failure to deliver" insurance coverage. *Diversey Corp.*, 125 N.M. at 754, 965 P.2d at 338. Because Plaintiff's evidence raises a triable issue on whether Defendants violated § 57–12–2(17), Defendants' motion for summary judgment on this claim is denied.

Finally, Defendants move for summary judgment on Plaintiff's claim that Defendants "generally engaged in unconscionable courses of action while handling the Claim," First Am. Compl. ¶ 37, in violation of N.M. Stat. Ann. § 57–12–2(E). Subsection (E) prohibits "unconscionable trade practice," which is defined as "an act or practice in connection with the sale, lease, rental or loan … of any goods or services … that to a person's detriment: (1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or (2) results in a gross disparity between the value received by a person and the price paid." N.M. Stat. Ann. § 57–12–2(E). Summary judgment on this claim is granted in Defendants favor because Plaintiff has submitted no record evidence to support to the claim. Plaintiff alleged the basic elements of the claim in its first amended complaint, but Plaintiff otherwise submitted no declaration, affidavit, or testimony from Mr. Azzam or a representative of Plaintiff stating that Defendants took advantage of Mr. Azzam's knowledge, ability, experience or capacity to a grossly unfair degree. Nor did Plaintiff submit any evidence of premiums or other evidence indicating that Defendants' actions resulted in a gross disparity between the value received by Defendants and the price that Plaintiff paid. In addition, Plaintiff's summary judgment response brief does not argue that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree, nor that Defendants' actions resulted in a gross disparity between the value received by a person and the price paid. Instead, Plaintiff's brief focused on Defendants' alleged "unconscionable courses of action by arbitrary denying the claim in question despite Travelers' own findings, the findings of its expert, and the findings of Plaintiff's expert." Resp. at 15. Because Plaintiff submitted no evidence or arguments on this claim, there is no triable issue about whether Defendants violated N.M. Stat. Ann. § 57–12–2(E).

**CONCLUSION**

**IT IS THEREFORE ORDERED that** Defendant Travelers Casualty Insurance

Company of America and Keegan Crowther's Motion and Memorandum for Summary Judgment

(**Doc. 58**) is **GRANTED** in part and **DENIED** in part as explained herein.

**IT IS SO ORDERED.**

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE